

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-4(1) |
| | § | |
| MARIO RUBEN COLUNGA | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Mario Ruben Colunga, violated conditions of supervised release imposed by United States District Judge Ron Clark of the Eastern District of Texas. On December 14, 2009, the United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. no. 52]. The Court conducted a hearing on January 4, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On July 26, 2005, The Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced Mario Ruben Colunga after he pled guilty to the offenses of bank robbery, a Class C felony. Judge Clark sentenced Defendant to 38 months imprisonment, followed by three (3) years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; mental health treatment; and a $100 special assessment. On October 19, 2007, Mario Ruben Colunga completed his period of imprisonment and began service of the supervision term. On November 29, 2007, the Court modified Mr. Colunga's term of supervision to include inpatient drug treatment. On March 5, 2009, his conditions were again modified by the Court to include relapse inpatient drug treatment directly followed with 180 days placement in a Community Corrections Facility. On May 6, 2009, Mr. Colunga's term of supervised release was revoked, and he was sentenced to five months

imprisonment followed by two years supervised release. On October 28, 2009, his conditions were modified to include 40 hours community service completion.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of his supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance.*

On or about September 27, 2009, November 14 and 30, 2009, Mr. Colunga submitted to Simon Counseling and Consultants urine specimens which tested positive for marijuana. Mr. Colunga admitted his use.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would offer test results indicating that Mr. Colunga tested positive for marijuana on September 27, November 14, and November 30, 2009. The Government would offer proof that the results were accurate. Defendant agreed that the Government's proof was true and correct.

Defendant, Mario Ruben Colunga, offered a plea of true to the allegation that he violated a mandatory condition of supervised release. Mr. Colunga agreed with the evidence presented and pled true to the allegation that he violated his supervision conditions by using a controlled substance, specifically marijuana, as indicated by positive test results on September 27, November 14, and November 30, 2009.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583.

Based upon Mr. Colunga's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(Citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. Mr. Colunga voluntarily pled true and agreed with the Court's recommended sentence for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*. Mr. Colunga requested that he be incarcerated as near to Beaumont, Texas, as possible and placed into a drug treatment program while incarcerated.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate recommends that the District Court order Defendant to serve a term of **five (5) months imprisonment** with no further supervision term upon his release. The court should recommend that Defendant be incarcerated as near to Beaumont, Texas, as possible and afforded drug rehabilitation counseling while incarcerated.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions

and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of January, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE